UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JAMES HANSEN, | ) | |
| | ) | Case No.: C07-1198 CRD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | ORDER RE: SOCIAL SECURITY |
| Commissioner of Social Security, | ) | DISABILITY APPEAL |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff James Hansen appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") who denied his applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA" or the "Act"), 42 U.S.C sections 401-33, and Supplemental Security Income ("SSI") disability benefits under Title XVI of the SSA, 42 U.S.C. sections 1381-83f, after a hearing before an administrative law judge ("ALJ").  For the reasons set forth below, the Court AFFIRMS the Commissioner's decision.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a thirty-three year-old male, thirty years old at the alleged disability onset date.  He completed the tenth grade in special education classes and has work experience as a rigger, a general laborer, and as a butcher.

///

///

///

ORDER - 1

Plaintiff applied for SSI and DIB in February 2004, alleging disability since July 2002[1] due to anxiety and limited literacy and comprehension. AR at 76. His claim was denied initially and upon reconsideration, and he timely requested an ALJ hearing.

A *de novo* hearing before ALJ Verrell Dethloff was held on August 1, 2006. The ALJ heard testimony from Plaintiff, who was represented by counsel, David Oliver, Esq. Administrative Record ("AR") at 298-321. The ALJ rendered an unfavorable decision on September 13, 2006, finding Plaintiff not disabled. Plaintiff requested review by the Appeals Counsel and review was denied, rendering the ALJ's decision the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 422.210 (2006). On August 7, 2007, Plaintiff initiated this civil action for judicial review of the Commissioner's final decision.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. sections 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. section 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 402 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

---

[1] At the ALJ hearing, Plaintiff amended his onset date to December 23, 2004.

ORDER - 2

# IV. THE DISABILITY EVALUATION

As the claimant, Mr. Nelson bears the burden of proving that he is disabled within the meaning of the Social Security Act. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.

Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[2] In the present case, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset of the disability. AR at 19, Finding 2. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). In this case the ALJ found Plaintiff has the severe impairments of "reading disorder, disorder of written expression, and adjustment disorder with mixed anxiety and depressed mood." AR at 19, Finding 3. If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of

---

[2]Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. § 404.1572.

the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d), 416.920(d).  A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled.  *Id.*  In this case the ALJ found that Plaintiff's impairments did not meet or equal the requirements of any listed impairment.  AR at 22, Finding 4.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  The ALJ in this case found Plaintiff is able to perform work at all exertional levels but is limited to simple repetitive tasks.  AR at 23, Finding 5.

The ALJ next found that Plaintiff could not perform any of his past relevant work because it is too complex given Plaintiff's limitation to "simple, repetitive tasks."  *Id.* at 26, Finding 6.  If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, the burden shifts to the Commissioner at step five to show the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the claimant is unable to perform other work, the claimant is found disabled and benefits may be awarded.  In this case, the ALJ found that Plaintiff had nonexertional limitations but found he could perform unskilled work at all exertional levels.  AR at 27.  Taking into consideration Plaintiff's nonexertional limitations, the ALJ found he could perform "simple, repetitive tasks" (AR at 23) which would have "little or no effect on the occupational base of unskilled work at all exertional levels" (AR at 27).  The ALJ therefore concluded Plaintiff was not disabled as defined in the SSA.  *Id.*

///

///

ORDER - 4

V. ISSUES ON APPEAL

Plaintiff presents the following principal issues on appeal:

1.      Did the ALJ err by not consulting a vocational expert?

2.      Did the ALJ err in not finding a severe personality disorder?

Dkt. No. 13 at 1.

VI. DISCUSSION

A.      *The ALJ was not required to consult a vocational expert.*

1. Use of Medical-Vocational Guidelines

At step five, the ALJ used the Medical-Vocational Guidelines ("guidelines" or "grids") in determining that Plaintiff could perform unskilled work at all exertional levels. AR at 27. Plaintiff challenges the ALJ's use of the guidelines without consulting a vocational expert ("VE"), arguing that because the ALJ found him to have nonexertional limitations and limited him to simple repetitive work, VE consultation was required. Plaintiff requests remand for rehearing with vocational expert testimony. Dkt. 13 at 9-13.

"There are two ways for the Commissioner to meet his Step Five burden: (1) the testimony of a VE; or (2) by reference to the Medical-Vocational Guidelines... Where the claimant has significant nonexertional impairments, however, the ALJ cannot rely on the Guidelines." *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001) (citations omitted). An ALJ's use of the grids is permissible where the grids "completely and accurately represent a claimant's limitations, such that a claimant is able to perform the full range of jobs in a given category." *Tackett*, 180 F.3d at 1102; 20 C.F.R. §§ 404.1520, 404.1560(b)(3); Part 404, Subpart P, App. 2, Rule 200(e). "However, the fact that a nonexertional limitation is alleged does not automatically preclude application of the grids. The ALJ should first determine if a claimant's nonexertional limitations significantly limit the range of work permitted by his exertional limitations." *Tackett*, 180 F.3d at 1102.

Here, the ALJ found Plaintiff had no exertional limitations but had the nonexertional limitations of "reading disorder, disorder of written expression, and adjustment disorder with mixed anxiety and depressed mood." AR at 19. Plaintiff argues that based on *Holohan v.*

*Massanari,* 246 F.3d 1195 (9th Cir. 2001), a limitation to simple repetitive tasks is a significant nonexertional limitation. Dkt. 13 at 9; Dkt.16 at 2. The Court does not agree.[3] *Holohan* held that the ALJ's reliance on the guidelines was in error in light of plaintiff's nonexertional impairments. *Holohan,* F.3d at 1208-09. However, *Holohan* did not explicitly address the severity issue and did not find that a limitation to simple repetitive tasks is *per se* a significant nonexertional limitation.[4]

The Ninth Circuit addressed the severity issue in *Hoopai,* holding that "[a] vocational expert is required only when there are significant and 'sufficiently severe' non-exertional limitations not accounted for in the grid." *Hoopai v. Astrue,* 499 F.3d 1071, 1076 (9th Cir. 2007). The *Hoopai* court found substantial evidence supported the ALJ's finding of only moderate depression, and the ALJ's conclusion that plaintiff's depression was not a sufficiently severe nonexertional limitation prohibiting reliance on the grids without a VE. *Hoopai* addressed the step two/step five distinction, and an exertional limitation (a back injury) was also found. However, the *Hoopai* court expressly noted that:

> ..[E]ven assuming that the ALJ found that the depression impairment alone was severe, a step-two determination that a non-exertional impairment is severe does not require that the ALJ seek the assistance of a vocational expert at step five. At step five a vocational expert's testimony is required when a non-exertional limitation is "sufficiently severe" so as to significantly limit the range of work permitted by the claimant's exertional limitation.

*Hoopai* at 1076 (internal citations omitted).

---

[3] The Court also notes that although the terms are often used interchangeably in case law, generally "impairments" such as depression, anxiety, and concentration are distinct from the resulting "limitations" such as to simple repetitive work, or to work with no public contact.

[4] Holohan was a victim of physical and mental spousal abuse resulting in a history of extreme psychological damage. The court remanded for payment of benefits for, among other reasons, the ALJ's failure to base rejection of Holohan's treating physician's opinion on substantial evidence, and found plaintiff's severe psychological limitations required vocational expert testimony rather than sole reliance on the grids. The court fundamentally disagreed with the ALJ's finding as to the degree of severity of the impairments. The *Holohan* court did not remand for rehearing with a VE but found Holohan's limitations severe enough to award benefits without further hearing.

ORDER - 6

Thus the dispositive issue here, as in *Hoopai*, is the severity of the nonexertional impairment at step five.  Plaintiff maintains that a limitation to simple repetitive tasks is sufficiently severe in itself to require a VE.  The Court disagrees.  Under *Hoopai,* the ALJ here is required to determine whether Plaintiff's nonexertional impairments would significantly limit his ability to perform unskilled work.

In this case, the ALJ set forth in a lengthy analysis the specific factors weighed in assessing Plaintiff's RFC including physicians' opinions, Plaintiff's complaints, lay witness statements from Plaintiff's friends, and other evidence in the record of his daily activities.  *See* AR 23-26.  The ALJ then concluded:

> …[T]he claimant has the residual functional capacity to perform work at all exertional levels.  The claimant is able to perform simple, repetitive tasks, but is limited in his ability to carry out detailed instructions by his difficulty reading and writing and by his concentration and attention difficulty, attributable to his adjustment disorder.  He is able to interact appropriately with supervisors, co-workers, or the public, and he is able to adjust to routine changes in the workplace.

AR at 23.

The ALJ then considered whether Plaintiff's nonexertional impairments (a resulting limitation to simple repetitive tasks based on Plaintiff's reading and writing disorders and adjustment disorder with anxiety and depression), would significantly limit his ability to perform unskilled work.  The ALJ found that it would not, noting that:

> …[T]hese limitations have little or no effect on the occupational base of unskilled work at all exertional levels.  The basic mental demands of competitive, remunerative, unskilled work include the abilities to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting.  S.S.R. 85-15.  The claimant is able to perform these tasks.  For that reason, I find that the ability to perform the demands associated with unskilled work is not significantly compromised by the claimant's mental health impairment…

AR at 27.

Upon review of the record, this Court finds that substantial evidence supports the ALJ's conclusion that Plaintiff's nonexertional limitations were not sufficiently severe such that they significantly affect his ability to work.  The ALJ found that: Plaintiff had friends and socialized,

ORDER - 7

as evidenced by the lay witness statements from two of his friends that he gets out to play pool, play horseshoes, ride horses, and shop (AR at 23); evidence in the record and Plaintiff's testimony indicate he pursued Social Security after being unable to find work, and that he stopped looking for work once he applied for Social Security benefits (AR at24); Plaintiff's disability complaints were likely inspired through another friend and his girlfriend, both of whom receive Social Security benefits (AR at 23); Plaintiff has many interests and hobbies that are contrary to a person with debilitating mental health symptoms such as fishing, hunting, car repair, puzzles, and video games (AR at 24); and Plaintiff claims to be illiterate but there is evidence that he is not (AR at 25). This Court finds there is nothing in the record that suggests a limitation to simple repetitive tasks would overtake Plaintiff's ability to perform unskilled work, or that VE testimony would have changed the ALJ's decision. Accordingly, this Court finds no error at this step of the ALJ's decision.

### 2. Unskilled Work

Plaintiff further asserts that based on the residual functional capacity the ALJ assigned, which includes the limitation to simple repetitive tasks, he cannot perform the full range of unskilled work. Plaintiff argues that not all unskilled work is simple and repetitive, therefore, a VE was required to determine what unskilled work he can perform. Plaintiff argues that only "reasoning level one"[5] is consistent with simple, repetitive work and that some unskilled jobs may have a higher reasoning level. Defendant disagrees that the limitation to simple repetitive tasks corresponds only to level-one reasoning. Dkt. 15 at 4-7.

The parties agree that there is no statutory authority, Social Security regulation, or controlling court opinion addressing this issue. Other Circuits and district courts have weighed in and reached a variety of conclusions. *See e.g., Hackett v. Barnhart*, 395 F.3d 1168 (10th Cir. 2005); *Lucy v. Chater*, 113 F.3d 905 (8th Cir. 1997); *Renfrow v. Astrue*, 496 F.3d 918 (8th Cir. 2007); *Money v. Barnhart*, No. 03-2553, 2004 WL 362291; *Meissl v. Barnhart*, 403 F. Supp. 2d 891 (C.D. Cal. 2005); *Flaherty v. Halter*, 182 F. Supp. 2d 824 (D. Minn. 2001). Absent

---

[5] The DOT assigns General Educational Development reasoning levels 1-6 to jobs representing reasoning, math and language skill levels.

ORDER - 8

controlling authority to the contrary, this Court does not find error in the ALJ's conclusion that Plaintiff can perform unskilled work because of his limitation to simple, repetitive tasks and difficulty reading, writing, and concentrating.  Evidence in the record supports the ALJ's finding that Plaintiff is capable of unskilled work.  Moreover, there is nothing in the ALJ's decision that indicates he believed Plaintiff would be limited only to level one reasoning.  Where the ALJ's findings are based upon substantial evidence in the record, the Commissioner's decision to deny benefits will not be reversed.  *Bayliss*, 427 F.3d at 1214.

       B.       *The ALJ did not err in concluding Plaintiff does not have a severe personality disorder.*

       Plaintiff also contends that the ALJ erred because "he did not find Plaintiff to have a severe personality disorder without discussing the issue." Dkt. 16 at 5.  Plaintiff asserts that based on his dependence on others to find the motivation to work, and Dr. Washburn's resulting diagnosis of a personality disorder with dependent features, the ALJ erred by not discussing whether he has a severe dependant personality disorder.  The Court disagrees.  The ALJ discussed Dr. Washburn's diagnoses as follows:

> …Dr. Washburn assessed a "severe" limitation in the claimant's ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting.  Ex 13F/3.  He also declared that the claimant did not have "the emotional stability at this time to cope with the stress of employment," and he gave a guarded prognosis **due to the claimant's dependent personality** and lack of motivation. Ex 13F/5.  There is nothing in the doctor's notes to support these conclusions.  *See* Ex 13F.  Because these findings and the doctor's diagnoses do not fit with his own notes from his interview with the claimant, I give them little weight [citation omitted].  *See also* Ex 14F (subsequent evaluation by Dr. Washburn, with similar lack of support for conclusions).

AR at 26 (emphasis added).

       Thus, the ALJ did discuss Dr. Washburn's opinion regarding a dependant personality but did not give it controlling weight.  To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence.  *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir.1995); *Magallanes*, 881 F.2d at 751-55.  If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ

ORDER - 9

may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Id.* Here, the ALJ found that Dr. Washburn's opinions were in contradiction with those of Dr. Azzedine (AR at 25), and were not supported by Dr. Washburn's own examination notes (AR at 26). Notably, even Dr. Washburn opined Plaintiff could work, but lacked the skills to find employment on his own and would probably benefit from a vocational service to assist him in job placement. AR at 286. The Court finds these reasons for discounting Dr. Washburn's opinion specific and legitimate and supported by substantial evidence in the record. *Magallanes*, 881 F.2d at 751-55. Accordingly, the ALJ's conclusion that Plaintiff does not have a severe personality disorder is not in error.

## VII. CONCLUSION

For the reasons set forth above, the Commissioner's decision is AFFIRMED and the case DISMISSED.

DATED this 7th day of July, 2008.

Carolyn R. Dimmick
United States District Judge

ORDER - 10